```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                      :
                                                            :
MOTORS LIQUIDATION COMPANY, et al.,                         :
f/k/a/ General Motors Corp., et al.,                        :
                                                            :
                              Debtors.                      :
------------------------------------------------------------X
                                                            :
DIMITRIOS S. MARANGOS,                                      :
                                                            :
                              Appellant,                    :
                                                            :
              -v-                                           :
                                                            :
MOTORS LIQUIDATION COMPANY GUC                              :
TRUST,                                                      :
                                                            :
                              Appellee.                     :
                                                            :
------------------------------------------------------------X
```

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 10 2013

No. 12 Civ. 4138 (RA)

MEMORANDUM & ORDER

RONNIE ABRAMS, United States District Judge:

Pro se appellant Dimitrios S. Marangos ("Appellant") appeals from a March 19, 2012 order of the United States Bankruptcy Court for the Southern District of New York (the "Order"). The Order disallowed and expunged the claim that Appellant had filed in the liquidation proceedings of Motors Liquidation Company ("MLC") (f/k/a/ General Motors Corp. ("GM")) and its affiliated debtors (the "Debtors"). In expunging the claim, the Bankruptcy Court found that (i) the allegations upon which the claim was based had already been fully litigated, (ii) they could not be re-litigated absent a showing of fraud or collusion, and (iii) Appellant had failed to sufficiently make such a showing. (CD-5 at 137: 17- 139: 11.) For the following reasons, the Order of the Bankruptcy Court is affirmed.

## I. Background[1]

The following facts are taken from the parties' briefs and the record on appeal.

Appellant was employed by GM from 1977 to 1999. (CD-5 at 137: 1-2.) From 1997 to 1999, Appellant filed eight separate lawsuits against GM in the United States District Court for the Eastern District of Michigan for "personal injury," "unfair labor practice," "conspiracy," "intentional swindling," "harassment," "economic sabotage" and "concealment of dangerous working conditions." (Id. at 137: 2-8.) Each of the lawsuits was decided in favor of GM, all prior to GM's bankruptcy filing in 2009.[2] (CD-2 at ¶ 4.) Appellant also settled a workers' compensation claim with GM in 1999. (CD-5 at 137: 6-8.)

On June 1, 2009, MLC filed a petition seeking relief under Chapter 11 of the Bankruptcy Code. (Appellee's Opp. 2.) On November 25, 2009, Appellant filed a Notice of Claim asserting a claim for "personal injury/other" in the amount of "$20 million and increases." (Claim No. 61381, the "Claim.") He attached to his claim form information about his prior workers' compensation claim, lists of the lawsuits he had filed against GM, information regarding an appeal of one such suit, and information about a pension from GM to which he believed he was entitled. (CD-1 Exhs. A - E.)

On January 26, 2012, the Motors Liquidation Company GUC Trust ("Appellee"), formed by the Debtors for the purpose of resolving general unsecured claims, filed an objection (the "Objection") to the Claim. (CD-1.) In its Objection, Appellee sought to expunge the Claim on the grounds that it was an attempt to "revive claims long since resolved in favor of the Debtors" and that the allegations were unsupported. (CD-1 at 5.)

---

[1] In resolving the instant appeal, the Court has considered Appellant's Brief ("Appellant's Br."), Appellee's Answering Brief ("Appellee's Opp."), Appellant's Reply Brief ("Appellant's Reply"), the Designation of Bankruptcy Record on Appeal and the documents designated therein, the Counter Designation of Bankruptcy Record on Appeal and the documents designated therein ("CD-___"), and Appellant's proof of claim ("Claim No. 61381").

[2] The only one of these cases to be appealed was affirmed by the Court of Appeals for the Sixth Circuit in March 2002. See Marangos v. General Motors Corp., 32 F. App'x 132 (6th Cir. 2002). (CD-1 Exh. C.)

A hearing was held before the Honorable Robert E. Gerber, United States Bankruptcy Judge, on March 1, 2012. The Bankruptcy Court sustained the Objection, noting that Appellant did "not dispute that each of his lawsuits and his Workers Comp dispute were finally resolved before this bankruptcy case, including any opportunity to appeal." (CD-5 at 137: 20-23.) Relying on Teachers Insurance and Annuity Association of America v. Butler, 803 F.2d 61 (2d Cir. 1986), the Bankruptcy Court held as follows:

> [A] Bankruptcy Court is precluded from relitigating judgments rendered by courts of competent jurisdiction absent a showing that the judgment was procured by fraud or collusion . . . Thus, [Appellant] may not relitigate before me claims that he raised in his earlier lawsuits unless his claims fall within the fraud or collusion exception.

(CD-5 at 138: 1-7.) The Bankruptcy Court further noted that Rule 7009 of the Federal Rules of Bankruptcy Procedure cross-references Rule 9 of the Federal Rules of Civil Procedure, and consequently requires that "a party must state with particularity the circumstances constituting fraud or mistake." (Id. at 138: 8-14 (quoting Fed. R. Civ. P. 9)).

In response to Appellant's allegations that his claims did fall within the fraud or collusion exception, on the grounds that "GM owned or otherwise controlled the courts that ruled against him" and that "it falsified records," (CD-5 at 138: 22-25), the Bankruptcy Court found that Appellant's allegations, "notwithstanding how voluminous they are," (Id. at 139: 7), were not sufficiently particularized, as required by Rule 7009. (Id. at 138: 15-16.) The Bankruptcy Court further noted that "[c]onclusory statements as to ultimate facts are not enough, and, instead, the court must see facts which, if proven, would establish a plausible claim upon which the court could grant the relief." (Id. at 139: 2-6.) Having established that Appellant's previous cases did not fall within the fraud or collusion exception, Judge Gerber disallowed and expunged the Claim on March 19, 2012.

On March 30, 2012, Appellant filed a Notice of Appeal to this Court.

II.  **Standard of Review**

District courts are vested with appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. § 158(a)(1). Specifically, "Congress intended to allow for immediate appeal in bankruptcy cases of orders that finally dispose of discrete disputes within the larger case." In re Fugazy Exp., Inc., 982 F.2d 769, 775 (2d Cir. 1992) (internal quotation marks omitted). The district court reviews the Bankruptcy Court's conclusions of law *de novo* and its findings of fact for clear error. See In re Bennett Funding Grp., Inc., 146 F.3d 136, 138 (2d Cir. 1998).

Additionally, because Appellant is proceeding *pro se*, his submissions will be construed liberally and interpreted "to raise the strongest arguments that they suggest." Harris v. City of NY, 607 F.3d 18, 24 (2d Cir. 2010). Nevertheless, this Court "need not accept as true plaintiff's conclusions of law or unwarranted deductions of fact." Shamilov v. Human Res. Admin., No. 10 Civ. 8745 (PKC), 2011 WL 6085550, at *4 (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (internal quotation marks omitted)).

III.  **Discussion**

A.  **Legal Standard**

"When a debtor declares bankruptcy, each of its creditors is entitled to file a proof of claim – i.e., a document providing proof of a 'right to payment,' 11 U.S.C. § 101(5)(A) – against the debtor's estate." Travelers Cas. & Sur. Co. of Am. v. Pacific Gas & Elec. Co., 549 U.S. 443, 449 (2007). A claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). "But even where a party in interest objects, the court 'shall allow' the claim 'except to the extent' that the claim implicates any of the nine exceptions enumerated in § 502(b)," including "where the claim at issue is 'unenforceable against the debtor . . . under any agreement or applicable law.'" Travelers, at 449 (quoting § 502(b) and § 502(b)(1)). This section has been

interpreted "to provide that, with limited exceptions, any defense to a claim that is available outside the bankruptcy context is also available in bankruptcy." Id. at 450.

To determine whether a claim should be allowed or whether a valid objection has been made, a burden-shifting framework is applied. "A proof of claim is *prima facie* evidence of the validity and amount of a claim, and the objector bears the initial burden of persuasion." In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd No. 09 Civ. 2229 (DC), 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010). "The burden then shifts to the claimant if the objector produces evidence equal in force to the *prima facie* case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." Id. (internal quotation marks omitted). "When the burden is shifted back to the claimant, [he] must then prove by a preponderance of the evidence that under applicable law the claim should be allowed." Id.

### B.   Application to Appellant's Claim

Appellee has easily met its burden of showing that the Claim lacks legal sufficiency. As the Objection rightly notes, Appellant's Claim for "personal injury/other" "does not include any documentation supporting an allegation that [Appellant] suffered an injury for which the Debtors should be liable." (CD-1 at 5.) Rather, the Claim appears to be based solely on incidents that allegedly occurred during his period of employment at GM, all of which were the subject of the previous eight litigations filed between 1997 and 1999. (CD-1 Exh. A.) All of the lawsuits were resolved in GM's favor on motions to dismiss or for summary judgment. (CD-5 at 136: 6-7.) Appellant does not deny that these are the same allegations that form the basis for his present Claim in GM's bankruptcy proceeding. (CD-5 at 137: 20-23.)

Accordingly, Appellant is barred by *res judicata* from raising these claims again in the current proceeding, unless he can establish that the previous adjudications resulted from fraud or

collusion. See Teachers Insurance v. Butler, 803 F.2d at 66. "Clear and convincing evidence of fraud is required" to warrant re-litigation of claims previously adjudicated. Clarkson Co. v. Shaheen, 544 F.2d 624, 631 (2d Cir. 1976). Under the burden-shifting framework, Appellant has the burden of proving beyond a preponderance of the evidence that the Claim should be allowed.

Although Appellant alleges that his previous lawsuits were "never settled, but dismissed because the Court never followed the proper Due Process" (Appellant's Reply 3) and "resolved in favor of the Debtor it's because GM owned the 6th District Court and the Judges" (CD-2 at 2), his unsupported allegations are insufficient to warrant re-litigation of his previously litigated claims. Among other things, Appellant proffers as evidence of fraud GM's alleged filing of a falsified document,[3] the court's failure to appoint counsel for him,[4] the court's supposed misplacement of his documents, and the court's acceptance of an untimely submission by GM. (Appellant's Br. 3; CD-2 Exh. E, Odyssey Brief, at 43.) He also makes conclusory assertions that the District Court in Michigan "used erroneous reasons with no grounds by manipulating the truth and cover-up the facts," that "GM have concealed legal cases from the public," that he was "Blackmailed at the Court," and that his appeal to the Sixth Circuit was "Dismissed with False Pretend after GM become the major contributor for an Art event hosted by the head Judge

---

[3] Although Appellant contends that GM had filed a falsified document as an exhibit in the previous litigations and did so again in its Objection, there is no evidence to support Appellant's contention that the document was falsified. While he relies on the fact that it was removed from the record during his workers' compensation hearing to prove its fraudulent nature, (Appellant's Br. 2), the record reflects that Appellant was the one who removed the exhibit, due to his own insistence that it had been falsified. The judge in that matter permitted him to remove the exhibit because its contents were immaterial to the settlement proceeding, but at no time found that it was a falsified document. (CD-2 Exh. B at 12: 20-21; 14: 23-15: 3.) Appellee also removed the document from the Objection, but did so without conceding that it was falsified. (CD-4 at 3 n.2.)

[4] Appellant insists that he should have been appointed counsel in his previous lawsuits, and argues that the District Court's failure to do so constituted fraud. (CD-5 at 137: 3-6; Appellant's Reply 2.) This position is misguided. Although the Equal Employment Opportunity Commission ("EEOC") did provide Appellant with a "right to sue" letter, this in no way guaranteed him a right to be appointed counsel by the District Court. Indeed, the Sixth Circuit considered this issue on appeal and upheld the District Court's refusal to appoint counsel. See Marangos v. General Motors Corp., 32 F. App'x 132, 133 (6th Cir. 2002) ("[T]he regulation [governing EEOC's issuance of right to sue letters] does not mandate that a district court or the EEOC appoint counsel . . . the district court's ability to appoint counsel in employment discrimination cases is discretionary.").

6

Damon Keith which was presetting at [his] Appeal case of the 3 Judges Panel." (Appellant's Br. 3-4.) All of these allegations are wholly unsupported and meritless, and are far from meeting the standard of "clear and convincing evidence" that is required to warrant re-litigation of a previously adjudicated claim. See Clarkson, at 631. Indeed, as the Bankruptcy Court rightly held, because Appellant has failed to even plead fraud with adequate particularity (CD-5 at 138: 15-18), he has *a fortiori* failed to provide "clear and convincing evidence" of such.

### III. Conclusion

For the foregoing reasons, the March 19, 2012 Order of the Bankruptcy Court is affirmed. This appeal is dismissed, and the Clerk of Court is directed to close the case.

SO ORDERED.

Dated:     January 10, 2013
           New York, New York

_____
Ronnie Abrams
United States District Judge